## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-13218 |
| | : | |
| BRIAN JOSEPH DOMINGUE | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

### *EX PARTE* APPLICATION TO EMPLOY REAL ESTATE BROKER

**NOW INTO COURT**, through undersigned counsel, comes Barbara Rivera-Fulton, trustee of the captioned estate ("Applicant" or "Trustee"), who respectfully represents:

1.      The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 4, 2018.

2.      Applicant is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

3.      Property of the estate currently includes immovable property described as 131 Rue Esplanade, Slidell, Louisiana 70461 ("Property").

4.      The Trustee has decided to liquidate the Property, and it has become necessary to employ a real estate broker so that the estate can receive fair market value for the Property.

5.      The Trustee has solicited the assistance of Kenneth Rayer of Real Estate Resource Group, LLC ("RERG") a qualified and licensed real estate brokerage firm in the State of Louisiana, which has agreed to represent the estate as its real estate broker in connection with the sale of the Property. RERG has inspected the Property, and is familiar with the area and can properly advise the Trustee in connection with the proposed sale of the Property.

6. RERG has agreed to advertise the Property, to represent the estate as seller in connection with the sale of the Property to interested parties, and to advise the Trustee with respect to obtaining the highest and best offer available in the present market for the Property.

7. Based on the foregoing, the Trustee desires to employ RERG to sell the Property on the basis that RERG will market the Property for a six (6) month time period and receive a commission of six percent (6%) on the first $100,000 and 4% on the remainder of the purchase price.

8. The proposed Listing Agreement and related documents for Property at a purchase price of $470,000 is attached hereto as Exhibit "A."

9. The Trustee believes that the employment of RERG upon the foregoing terms is fair, reasonable and in the best interest of the estate and, therefore, the employment of RERG on said terms should be approved.

10. RERG has been advised of and has agreed to accept employment subject to the provisions of 11 U.S.C. §328(a) and understands that, notwithstanding the approval of its employment upon the terms set forth herein, the court may allow compensation different from the compensation provided for under such terms and conditions, after the completion of the employment, if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.

11. Attached hereto and made a part hereof as Exhibit "B" is the Declaration of Kenneth Rayer, which supports the conclusion that no adverse interest exists, and that neither RERG, nor any member or associate thereof, has any material connections with any creditors or other parties in interest in this case, its respective attorneys, or the United States Trustee, and also has no relationship that causes a disqualification or actual conflict of interest. Accordingly,

Mr. Rayer and RERG are "disinterested person(s)" as that term is defined in the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that he be authorized, pursuant to 11 U.S.C. § 327(a) and 11 U.S.C. §1107(a), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ Kenneth Rayer and RERG on the terms and conditions set forth herein.

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075

By: _/s/ Fernand L. Laudumiey, IV_____
David J. Messina, #18341
Fernand L. Laudumiey, IV, #24518
Attorneys for Barbara Rivera-Fulton, Trustee

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Ex Parte* Application to Employ Real Estate

Broker has this day been served by U.S. Mail, postage prepaid and properly addressed to the

following:

Office of the U.S. Trustee
400 Poydras Street
Suite 2110
New Orleans, LA 70130

Brian Joseph Domingue
131 Rue Esplanade
Slidell, LA 70461

Wilbur J. (Bill) Babin, Jr.
3027 Ridgelake Drive
Metairie, LA 70002

       January 25, 2019.

By:  */s/ Fernand L. Laudumiey, IV*
        Fernand L. Laudumiey, IV

4



# LISTING AGREEMENT



The Standard Form (Rev 07/2016) of:
New Orleans Metropolitan Association of REALTORS ®, Inc.

For exclusive use of REALTORS ®
REALTOR® Boards provide this form as an aid, and not as legal advice.
REALTOR® members assume no responsibility for unauthorized use.

1. Date_____
2. The undersigned Client (herein after referred to as Owner) hereby grants to_____ **REAL ESTATE RESOURCE GROUP**
3. and their successors or assigns (herein after referred to as "Broker"), the sole and exclusive right to sell the following described Property:
4. __**131 RUE ESPLANADE**_____
5. Subdivision_____**FRENCH BRANCH**_____; City_____**SLIDELL**_____
6. Parish_____**ST TAMMANY**_____Louisiana, Zip_____**70461**
7. Including:__**ALL ATTACHED FIXTURES AND APPLIANCES**_____
8. excluding:_____
9. _____
10. On grounds measuring about_____**1 ACRE**_____, or as per title for **Four Hundred Seventy Thousand**
11. ($_____**470,000.00**_____) Dollars cash or the following terms:
12. **TERMS ACCEPTABLE TO SELLERS**
13. _____or any other price, or upon any other terms, as may hereafter be agreed upon.
14. _____
15. This authorization to sell shall remain in full force and effect for a period of_____**6 MONTHS**_____from date of acceptance by Broker,
16. who shall calculate the beginning and expiration date of this authorization and timely furnish a copy to seller. If an Agreement to purchase and sell
17. is executed during the term of this Listing Agreement, the parties agree to extend the effective period of this Listing Agreement to include the
18. closing date as provided for in the Agreement to Purchase, or any extension thereof.
19.
20. Owner agrees to pay Broker's commission of____**6% 1ST 100,000/4% OVER 100k**____on the gross amount of any Agreement to sell, ex-
21. change, or option that may be negotiated during the existence of the Agreement, or on the gross amount of any such agreement made within
22. '_____**90 DAYS**_____after the expiration or termination of this Agreement, with anyone to whom said property
23. has been quoted during the term of this Agreement, part of which commission in the amount of_____**3/2%**_____of the gross sales price may
24. be paid by a Listing Broker to a Cooperating Broker. The Closing Notary is authorized to deduct and disburse commission at Act of Sale. This
25. protection period shall terminate when the Property is listed with another Real Estate Broker. ~~The commission is earned when such an~~
26. ~~Agreement is signed by all parties resulting in a valid and binding Agreement to Purchase. Said commission is also earned upon obtaining an~~
27. ~~offer to purchase at the listed price and terms with reasonable time for act of sale and occupancy. In the event the Property is leased to anyone~~
28. ~~during the term of this Agreement, Owner agrees to pay Broker a commission of~~_____**N/A**_____.
29. _Delete_
30. Listing Broker is authorized to accept from Purchaser, or his representative, a non-interest bearing deposit represented by cash and/or real estate
31. deposit note, and to place the cash portion in "Sales Escrow Account" in a financial institution in the State of Louisiana, unless all parties agree in
32. writing that the deposit be held by the Cooperating Broker, a title company, or some other entity of their choosing. Broker shall have no
33. responsibility in the case of failure or insolvency of the one who holds the deposit. In the event a dispute arises regarding entitlement to the
34. deposit/funds the broker holding the same shall comply with the provisions of LREC Rule, Chapter 29, section 2901 and disburse the funds upon
35. written mutual consent of all parties or upon brokers reasonable interpretation of the contract as to the party entitled to the funds, but only after 10
36. days notice to all parties and licensees. Further, broker may place the funds into the registry of the court, or disburse upon a court order.
37.
38. Owner agrees to refer all prospects to Broker, to cooperate fully and not to obstruct the sale of the Property, during the term of this
39. contract. ~~In case of employment of counsel to enforce this Agreement, Owner will pay all costs and reasonable attorney's fees incurred by~~
40. ~~Broker. In further consideration of the efforts and expenditures by Broker, Owner shall indemnify Broker, his Agents and Employees, against all~~
41. ~~liability, loss and expense, including reasonable attorney's fees and court costs that may be incurred as a result of any claim, or suit by any~~
42. ~~person for personal injury or property damage sustained by such person while on or about the herein above described premises, due to the~~
43. ~~condition of said premises or Owner's negligence.~~ _Delete_
44.
45. Owner specifically requests and authorizes the use of the Multiple Listing Service, the public display of Property address, photos, virtual tours,
46. and other depictions of the property and its contents through the MLS, the Internet, and various web sites, including Internet Data Exchange
47. and Virtual Office Websites, to promote and enhance the sale of the Property. The Owner further authorizes Broker to provide timely notice of
48. status changes of the listing to the MLS; and to provide and publish sales information including selling price to the MLS upon sale of the
49. Property. Owner also authorizes all MLS brokers who participate in Internet Data Exchange and Virtual Office Websites, to publicly display the
50. Property and its contents on the Brokers' web sites ~~and agrees to hold harmless and indemnify the Brokers, their Agents and Employees, the~~
51. ~~MLS and the Association of REALTORS® (NOMAR and GSREIN) from any and all claims which may arise there from.~~ The Owner authorizes

_See Addendum attached hereto_                                    _Delete_

BROKER'S Initials _                                                    ELLER'S Initials _

Exhibit A

Instanet FORMS

| 131 RUE ESPLANADE | SLIDELL | 70461 | |
|---|---|---|---|
| Property Address, Street, City, Zip | | | Date |

52. Broker and the MLS to disseminate pertinent information including, but not limited to the photo of Property, listed price, Property condition and/or
53. Seller considerations affecting such Property. Broker is authorized to post signs and advertise the Property for sale.
54.
55. Owner hereby grants to Broker a non-exclusive, irrevocable, worldwide, royalty free license to use, sublicense through multiple tiers, publish,
56. display, and reproduce the Owner Listing Content, to prepare derivative works of the Owner Listing Content, and to distribute the Owner Listing
57. Content or any derivative works thereof. This non-exclusive license shall survive the termination of this Agreement for any reason whatever.
58. ~~Owner represents and warrants to Broker that the Owner Listing Content, and the license granted to Broker for the Owner Listing Content, do not~~
59. ~~violate or infringe upon the rights, including any copyright, rights, or any person or entity.~~ Owner acknowledges and agrees that as between
60. Owner and Broker, all Broker Listing Content is owned exclusively by Broker, and Owner has no right, title or interest in or to any Broker Listing
61. Content.    ↳ Delete
62.
63. Notwithstanding the provisions of Civil Code Articles 2985 through 3034 or any other provisions of law, a licensee engaged in any real
64. estate transaction shall be considered to be representing the person with whom he is working as a Designated Agent unless there is a written
65. agreement between the Broker and the person providing that there is a different relationship or the licensee is performing only ministerial
66. acts on behalf of the person.
67.
68. Select Yes or No below if there are any legal impediments that may affect transferring title:
69. Potential Short Sale_____Yes_____ X No        Is property currently mortgaged___ X ___Yes_____No
70. In Foreclosure_____Yes_____No        If so, is the mortgage current?_____Yes__ X __No
71. Bankruptcy X Yes_____No        Any other liens or judgments affecting the property_____Yes_____No
72. Tax Sale_____Yes_____No        Succession_____Yes__ X __No
73. Lease(s)_____Yes__ X __No        ☐Other_____
74. Seller acknowledges that such impediment may require disclosure and authorizes broker to do so.
75.
76.        OWNERS SHALL COMPLETE THE RESIDENTIAL PROPERTY DISCLOSURE FORM.
77.    **OWNERS SHALL COMPLETE THE LEAD BASED PAINT DISCLOSURE FORM IF PROPERTY WAS BUILT PRIOR TO 1978.**
78.        **OWNERS SHALL REVIEW AND SIGN REAL ESTATE AGENCY DISCLOSURE PAMPHLET.**
79.
80.        ***WE DO BUSINESS IN ACCORDANCE WITH FEDERAL FAIR HOUSING LAWS***
81.
82. **The commissions reflected in this Agreement have been negotiated only by the parties to the Agreement.**

I understand and consent to dual agency?        ☐ Yes ☒ No

Do you desire home protection warranty?        ☐ Yes ☐ No
    Broker may receive a fee from insurer if a        _____
    Home Warranty Plan is provided.        Owner's Signature            Date

Would you like relocation assistance?        ☐ Yes ☒ No        _____
                                Owner(s) Name (type or print)
Do you authorize the use of a lockbox on the Property
in accordance with the lockbox procedures which have        _____
been explained to you, and hold said company and        Owner's Signature
its associates harmless from any responsibility or
liability in connection herewith?        ☒ Yes ☐ No        _____
                                Owner(s) Name (type or print)
Do you authorize VOW/IDX Comments in conjunction
with the listing?        ☐ Yes ☒ No        _____
                                E-Mail Address
Do you authorize VOW/IDX Automated Valuation Model
in conjunction with the listing?        ☐ Yes ☒No        _____
                                Mailing Address
Seller authorizes this agreement and any supplement
addendum or modification relating hereto, including        _____
any photocopy, facsimile or electronic transmission        City, State, Zip
thereof, may be executed in two or more counterparts,        ☒ Yes ☐ No
all of which shall constitute one and the same Agreement.        _____
                                (Area Code) Telephone Number

                                Kenneth Rayer
                                _____
                                Seller's Designated Agent        Date

Effective Date:_____Expiration Date: _____        Accepted By:_____
                                                Date

InstanetFORMS

For exclusive use by members of New Orleans Metropolitan Association of REALTORS®

# CUSTOMER

The **customer** is a person who is provided services by a real estate licensee, but who is not a client of the real estate licensee because the licensee is only performing ministerial acts. In this case, the real estate licensee is not acting as an agent. The actual services you receive from a real estate licensee depend on the arrangement that is established between you and the licensee.

Licensees are allowed to provide ministerial acts to customers without creating an agency relationship; ministerial acts are acts that a licensee may perform for a person that are informative in nature. Examples include, but are not limited to:

- Responding to phone inquiries by persons as to the availability and pricing of brokerage services or pricing on a particular piece of property or location of a property.

- Conducting an open house and responding to questions about the property from a person.

- Setting an appointment to view a property.

- Responding to questions from persons walking into a licensee's office concerning brokerage services offered or particular properties.

- Accompanying an appraiser, inspector, contractor, or similar third party on a visit to a property.

- Describing a property or the property's condition, in response to a person's inquiry.

- Completing business or factual information for a person represented by another licensee on an offer or contract to purchase.

- Showing a person through a property being sold by an owner on his/her own behalf.

- Referral to another broker or service provider.

# CLIENT

A client is one who engages a licensee for professional advice and services as their agent.

# AGENCY

**Agency** means a relationship in which a real estate broker or licensee represents a client by the client's consent, whether expressed or implied, in an immovable property transaction. An agency relationship is formed when a real estate licensee works for you in your best interest and represents you. Agency relationships can be formed with buyers/sellers and lessors/lessees.

# DESIGNATED AGENCY

**Designated agency** means the agency relationship that shall be presumed to exist when a licensee engaged in any real estate transaction, is working with a client, unless there is a written agreement providing for a different relationship.

- The law presumes that the real estate licensee you work with is your designated agent, and the brokerage services offered or particular properties.

- No other licensees in the office work for you, unless disclosed and approved by you.

- You should confine your discussions of buying/selling to your designated agent or agents only.

# DUTIES THE DESIGNATED AGENT OWES A CLIENT

- To obey all lawful requests

- To promote your best interest

- To exercise reasonable skill and care

- To keep information that could materially harm your negotiation position confidential.

- To present all offers in a timely manner

- To seek a transaction at the price and terms acceptable to you

- To account for all money or property received from the client in a timely manner.

*Note: When representing you as a client, your agent does not breach their duty to you by showing alternate properties to the buyers, showing properties in which you are interested to other buyer clients, or receiving compensation based on a percentage of the property sales price.*

# DUAL AGENCY

**Dual agency** means an agency relationship in which a licensee is working with both buyer and seller or both landlord and tenant in the same transaction. However, such a relationship shall not constitute dual agency if the property is owned by a real estate licensee is the seller of property that the owns or if the property is owned by a real estate business of which the licensee is the sole proprietor and agent. A dual agency relationship shall not be construed to exist in a circumstance in which the licensee is working with both landlord and tenant as to a lease which does not exceed a term of three years and the licensee is the landlord.

Dual agency is allowed only when informed consent is presumed to have been given by any client who signed the dual agency disclosure form prescribed by the Louisiana Real Estate Commission. Specific duties owed to both buyer/seller and lessor/lessee are:

- To treat all clients honestly.

- To provide factual information about the property.

- To disclose all latent material defects in the property that are known to them;

(cont. on back)

# ACKNOWLEDGMENT

Your signature only confirms that you have received information on agency law and in no way enters you into a contract.

☐ Buyer(s)/Lessee(s)

_____
Signature

_____
Print name and date

_____
Signature

_____
Print name and date

☒ Seller(s)/Lessor(s)

_____
Signature

_____
Print name and date

_____
Signature

_____
Print name and date

☒ Licensee

_____
Signature

_____
Print name and date

This form shall be maintained by the real estate licensee for a period of five years, in accordance with Chapter 37, Section 3103.D of the Louisiana Real Estate Commission Rules and Regulations.

Property Description (Address, City, State, Zip) _131 Ave Esplande_

## PROPERTY DISCLOSURE EXEMPTION FORM

In accordance with LSA-R.S. 9:3196-3200, a SELLER of residential real property must furnish BUYERS with a Property Disclosure Document. A complete copy of these statutes can be found at www.legis.state.la.us. The required Property Disclosure Document may be in the form promulgated by the Louisiana Real Estate Commission ("Commission") or in another form that contains substantially the same information. The Commission form can be found at www.lrec.state.la.us.

**WHO IS REQUIRED TO MAKE DISCLOSURE? ALL SELLERS are required to make written disclosure of known defects regarding a property being transferred.** A SELLER'S obligation to furnish a Property Disclosure Document applies to any transfer of any interest in residential real property, whether by sale, exchange, bond for deed, lease with option to purchase, etc. The following transfers are exempt from the requirement to provide a property disclosure document:

1. Transfers ordered by a court, including but not limited to a transfer ordered by a court in the administration of an estate, a transfer pursuant to a writ of execution, a transfer by any foreclosure sale, a transfer by a trustee in bankruptcy, a transfer by eminent domain, and any transfer resulting from a decree of specific performance.

2. Transfers to a mortgagee by a mortgagor or successor in interest who is in default.

3. Transfers by a mortgagee who has acquired the residential real property at a sale conducted pursuant to a power of sale under a mortgage or a sale pursuant to decree of foreclosure, or who has acquired the residential property by a deed in lieu of foreclosure.

4. Transfers by a fiduciary in the course of administration of a decedent's estate, guardianship, conservatorship, or trust.

5. Transfers of newly constructed residential real property, which has never been occupied.

6. Transfers from one or more co-owners solely to one or more of the remaining co-owners.

7. Transfers pursuant to testate or intestate succession.

8. Transfers of residential real property that will be converted by the BUYER into a use other than residential use.

9. Transfers of residential real property to a spouse or relative in the line of consanguinity (blood line).

10. Transfers between spouses resulting from a judgment of divorce or a judgment of separate maintenance or from a property settlement agreement incidental to such a judgment.

11. Transfers or exchanges to or from any governmental entity.

12. Transfers from an entity that has acquired title or assignment of a real estate contract to a piece of residential real property to assist the prior owner in relocating, as long as the entity makes available to the BUYER a copy of the property disclosure statement, any inspection reports if any furnished to the entity by the prior owner, or both.

13. Transfers to an inter vivos trust.

14. Acts that, without additional consideration and without changing ownership or ownership interest, confirm, correct, modify, or supplement a deed or conveyance previously recorded.

✓ SELLER claims that he/she is exempt from filling out the Property Disclosure Document and warrants that SELLER has no knowledge of known defects to the property. SELLER is claiming exemption number(s) _____1_____ above.

SELLER (sign) _____ (print) _____ Date _____ Time _____

BUYER (sign) _____ (print) _____ Date _____ Time _____

## OR

_____ SELLER has reviewed this Exemption page. SELLER does not claim any of the Exemptions listed on this page. Accordingly, SELLER will complete the Property Disclosure Form.

SELLER (sign) _____ (print) _____ Date _____ Time _____

BUYER (sign) _____ (print) _____ Date _____ Time _____



## WAIVER of WARRANTY and REDHIBITION RIGHTS ADDENDUM

IN REFERENCE to the Agreement to Purchase and Sell the real property commonly

referred to as: _131 Rue Esplanade_ ,

dated _____ between _____ (SELLER") and

_____ ("PURCHASER"), the undersigned parties hereby

agree as follows:

Providing that Purchaser's inspections, as per the Property Condition/Inspection section on the agreement to purchase and sell referenced above, are satisfactory to Purchaser, Purchaser hereby agrees that THE FOLLOWING STATEMENT WILL BE MADE A PART OF THE ACT OF SALE AND SHALL NOT GO INTO EFFECT UNTIL THE ACT OF SALE.

It is expressly agreed that the immovable property herein conveyed and all improvements and component parts, plumbing, electrical systems, mechanical equipment, heating and air conditioning systems, built-in appliances, and all other items located hereon are conveyed by Seller and accepted by Purchaser "AS IS, WHERE IS," without any warranties of any kind whatsoever, even as to the metes and bounds, zoning, operation, or suitability of the property for the use intended by the Purchaser, without regard to the presence of apparent or hidden defects and with the Purchaser's full and complete waiver of any and all rights for the return of all or any part of the purchase price by reason of any such defects.

Purchaser acknowledges and declares that neither the Seller nor any party, whomsoever, acting or purporting to act in any capacity whatsoever on behalf of the Seller has made any direct, indirect, explicit or implicit statement, representation or declaration, whether by written or oral statement or otherwise, and upon which the Purchaser has relied, concerning the existence or non-existence of any quality, characteristic or condition of the property herein conveyed. Purchaser has had full, complete and unlimited access to the property herein conveyed for all tests and inspections which Purchaser, in Purchaser's sole discretion, deems sufficiently diligent for the protection of Purchaser's interests.

Purchaser expressly waives the warranty of fitness and the warranty against redhibitory vices and defects, whether apparent or latent, imposed by Louisiana Civil Code Articles 2520 through 2548, inclusive, and any other applicable state or federal law and the jurisprudence thereunder.

Purchaser also waives any rights Purchaser may have in redhibition to a return of the purchase price or to a reduction of the purchase price paid pursuant to **Louisiana Civil Code Articles** 2520 to 2548, inclusive, in connection with the property hereby conveyed to Purchaser by Seller. By Purchaser's signature, Purchaser expressly acknowledges all such waivers and Purchaser's exercise of Purchaser's right to waive warranty pursuant to Louisiana Civil Code Article 2520 and 2548, inclusive.

The herein agreement, upon its execution by both Purchaser and Seller, is herewith made an integral part of the aforementioned Agreement to Purchase and Sell.

| PURCHASER | DATE/TIME | SELLER | DATE/TIME |
|-----------|-----------|--------|-----------|

| PURCHASER | DATE/TIME | SELLER | DATE/TIME |
|-----------|-----------|--------|-----------|

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-13218 |
| | : | |
| BRIAN JOSEPH DOMINGUE | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

## DECLARATION

I, Kenneth Rayer, declare under penalty of perjury that the information provided, below is true and correct to the best of my knowledge, information and belief:

1.     That I am a licensed real estate agent with Real Estate Resource Group, LLC ("RERG"), duly licensed in the State of Louisiana.

2.     That I maintain an office at 90 Louis Prima Drive, Covington, LA 70433.

3.     That neither myself, RERG, nor any member or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to that of the estate, the Trustee (Barbara Rivera-Fulton), or the Debtor in the matters upon which I am to be engaged.

4.     That neither myself, RERG, nor any member or associate thereof, insofar as I have been able to ascertain has any connection with the Debtor, the creditors, or any other party in interest, or their respective attorneys, accountants, or anyone in the United States Trustee's Office.

5.     That based on the foregoing, I believe I am a "disinterested person" within the meaning of sections 101 and 327 of the United States Bankruptcy Code.

_____
KENNETH RAYER

Exhibit B