## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-13218 |
| | : | |
| BRIAN JOSEPH DOMINGUE | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

### *EX PARTE* APPLICATION TO EMPLOY REAL ESTATE BROKER

**NOW INTO COURT**, through undersigned counsel, comes Barbara Rivera-Fulton, trustee of the captioned estate ("Applicant" or "Trustee"), who respectfully represents:

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 4, 2018.

2. Applicant is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

3. Property of the estate currently includes immovable property described as 173 Pebble Beach Drive, Slidell, Louisiana 70458 ("Property").

4. The Trustee has decided to liquidate the Property, and it has become necessary to employ a real estate broker so that the estate can receive fair market value for the Property.

5. The Trustee has solicited the assistance of Kenneth Rayer of Real Estate Resource Group, LLC ("RERG") a qualified and licensed real estate brokerage firm in the State of Louisiana, which has agreed to represent the estate as its real estate broker in connection with the sale of the Property. RERG has inspected the Property, and is familiar with the area and can properly advise the Trustee in connection with the proposed sale of the Property.

3321956-1

6. RERG has agreed to advertise the Property, to represent the estate as seller in connection with the sale of the Property to interested parties, and to advise the Trustee with respect to obtaining the highest and best offer available in the present market for the Property.

7. Based on the foregoing, the Trustee desires to employ RERG to sell the Property on the basis that RERG will market the Property for a six (6) month time period and receive a commission of four percent (4%).

8. The proposed Listing Agreement and related documents for Property at a purchase price of $259,000 is attached hereto as Exhibit "A."

9. The Trustee believes that the employment of RERG upon the foregoing terms is fair, reasonable and in the best interest of the estate and, therefore, the employment of RERG on said terms should be approved.

10. RERG has been advised of and has agreed to accept employment subject to the provisions of 11 U.S.C. §328(a) and understands that, notwithstanding the approval of its employment upon the terms set forth herein, the court may allow compensation different from the compensation provided for under such terms and conditions, after the completion of the employment, if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.

11. Attached hereto and made a part hereof as Exhibit "B" is the Declaration of Kenneth Rayer, which supports the conclusion that no adverse interest exists, and that neither RERG, nor any member or associate thereof, has any material connections with any creditors or other parties in interest in this case, its respective attorneys, or the United States Trustee, and also has no relationship that causes a disqualification or actual conflict of interest. Accordingly,

3321956-1

Mr. Rayer and RERG are "disinterested person(s)" as that term is defined in the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that he be authorized, pursuant to 11 U.S.C. § 327(a) and 11 U.S.C. §1107(a), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ Kenneth Rayer and RERG on the terms and conditions set forth herein.

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075

By: */s/ Fernand L. Laudumiey, IV*
    David J. Messina, #18341
    Fernand L. Laudumiey, IV, #24518
Attorneys for Barbara Rivera-Fulton, Trustee

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Ex Parte* Application to Employ Real Estate Broker has this day been served by U.S. Mail, postage prepaid and properly addressed to the following:

Office of the U.S. Trustee
400 Poydras Street
Suite 2110
New Orleans, LA 70130

Brian Joseph Domingue
131 Rue Esplanade
Slidell, LA 70461

Wilbur J. (Bill) Babin, Jr.
3027 Ridgelake Drive
Metairie, LA 70002

      January 28, 2019.

                                                                    By: */s/ Fernand L. Laudumiey, IV*
                                                                                   Fernand L. Laudumiey, IV

3321956-1



# LISTING AGREEMENT



The Standard Form (Rev 07/2016) of:
New Orleans Metropolitan Association of REALTORS ®, Inc.

For exclusive use of REALTORS ®
REALTOR® Boards provide this form as an aid, and not as legal advice.
REALTOR® members assume no responsibility for unauthorized use.

1. Date_____
2. The undersigned Client (herein after referred to as Owner) hereby grants to____ **REAL ESTATE RESOURCE GROUP** ____
3. and their successors or assigns (herein after referred to as "Broker"), the sole and exclusive right to sell the following described Property:
4. _____ **173 PEBBLE BEACH DRIVE** _____
5. Subdivision _____ **EDEN ISLES** _____; City _____ **SLIDELL** _____;
6. Parish _____ **ST TAMMANY** _____ Louisiana, Zip _____ **70458** _____
7. Including:_____
8. excluding:_____
9.
10. On grounds measuring about _____ **80X150** _____, or as per title for **Two Hundred Fifty-Nine Thousand**
11. ($ _____ **259,000.00** _____) Dollars cash or the following terms:
12. **TERMS ACCEPTABLE TO SELLER**
13. _____or any other price, or upon any other terms, as may hereafter be agreed upon.
14.
15. This authorization to sell shall remain in full force and effect for a period of _____ **6 MONTHS** _____ from date of acceptance by Broker,
16. who shall calculate the beginning and expiration date of this authorization and timely furnish a copy to seller. If an Agreement to purchase and sell
17. is executed during the term of this Listing Agreement, the parties agree to extend the effective period of this Listing Agreement to include the
18. closing date as provided for in the Agreement to Purchase, or any extension thereof.
19.
20. Owner agrees to pay Broker's commission of _____ **4%** _____ on the gross amount of any Agreement to sell, ex-
21. change, or option that may be negotiated during the existence of the Agreement, or on the gross amount of any such agreement made within
22. _____ **90 DAYS** _____ after the expiration or termination of this Agreement, with anyone to whom said property
23. has been quoted during the term of this Agreement, part of which commission in the amount of _____ **2%** _____ of the gross sales price may
24. be paid by a Listing Broker to a Cooperating Broker. The Closing Notary is authorized to deduct and disburse commission at Act of Sale. This
25. protection period shall terminate when the Property is listed with another Real Estate Broker. ~~The commission is earned when such an~~
26. ~~Agreement is signed by all parties resulting in a valid and binding Agreement to Purchase. Said commission is also earned upon obtaining an~~
27. ~~offer to purchase at the listed price and terms with reasonable time for act of sale and occupancy. In the event the Property is leased to anyone~~
28. ~~during the term of this Agreement, Owner agrees to pay Broker a commission of~~ _____ **N/A** _____.
29.                                    Delete
30. Listing Broker is authorized to accept from Purchaser, or his representative, a non-interest bearing deposit represented by cash and/or real estate
31. deposit note, and to place the cash portion in "Sales Escrow Account" in a financial institution in the State of Louisiana, unless all parties agree in
32. writing that the deposit be held by the Cooperating Broker, a title company, or some other entity of their choosing. Broker shall have no
33. responsibility in the case of failure or insolvency of the one who holds the deposit. In the event a dispute arises regarding entitlement to the
34. deposit/funds the broker holding the same shall comply with the provisions of LREC Rule, Chapter 29, section 2901 and disburse the funds upon
35. written mutual consent of all parties or upon brokers reasonable interpretation of the contract as to the party entitled to the funds, but only after 10
36. days notice to all parties and licensees. Further, broker may place the funds into the registry of the court, or disburse upon a court order.
37.
38. Owner agrees to refer all prospects to Broker, to cooperate fully and not to obstruct the sale of the Property, during the term of this
39. contract. ~~In case of employment of counsel to enforce this Agreement, Owner will pay all costs and reasonable attorney's fees incurred by~~
40. ~~Broker. In further consideration of the efforts and expenditures by Broker, Owner shall indemnify Broker, his Agents and Employees, against all~~
41. ~~liability, loss and expense, including reasonable attorney's fees and court costs that may be incurred as a result of any claim or suit by any~~
42. ~~person for personal injury or property damage sustained by such person while on or about the herein above described premises, due to the~~
43. ~~condition of said premises or Owner's negligence.~~  Delete
44.
45. Owner specifically requests and authorizes the use of the Multiple Listing Service, the public display of Property address, photos, virtual tours,
46. and other depictions of the property and its contents through the MLS, the Internet, and various web sites, including Internet Data Exchange
47. and Virtual Office Websites, to promote and enhance the sale of the Property. The Owner further authorizes Broker to provide timely notice of
48. status changes of the listing to the MLS; and to provide and publish sales information including selling price to the MLS upon sale of the
49. Property. Owner also authorizes all MLS brokers who participate in Internet Data Exchange and Virtual Office Websites, to publicly display the
50. ~~Property and its contents on the Brokers'~~ web sites ~~and agrees to hold harmless and indemnify the Brokers, their Agents and Employees, the~~
51. ~~MLS and the Association of REALTORS® (NOMAR and GSREIN) from any and all claims which may arise there from.~~ The Owner authorizes

                                                                Delete

BROKER'S Initials _____

Page **1** of **2**

**EXHIBIT "A"**

__173 PEBBLE BEACH DRIVE__ __SLIDELL__ __70458__
Property Address, Street, City, Zip                                                           Date

52. Broker and the MLS to disseminate pertinent information including, but not limited to the photo of Property, listed price, Property condition and/or
53. Seller considerations affecting such Property. Broker is authorized to post signs and advertise the Property for sale.
54.
55. Owner hereby grants to Broker a non-exclusive, irrevocable, worldwide, royalty free license to use, sublicense through multiple tiers, publish,
56. display, and reproduce the Owner Listing Content, to prepare derivative works of the Owner Listing Content, and to distribute the Owner Listing
57. Content or any derivative works thereof. This non-exclusive license shall survive the termination of this Agreement for any reason whatever.
58. ~~Owner represents and warrants to Broker that the Owner Listing Content, and the license granted to Broker for the Owner Listing Content, do not~~
59. ~~violate or infringe upon the rights, including any copyright rights, of any person or entity.~~ Owner acknowledges and agrees that as between
60. Owner and Broker, all Broker Listing Content is owned exclusively by Broker, and Owner has no right, title or interest in or to any Broker Listing
61. Content.     → Delete
62.
63. Notwithstanding the provisions of Civil Code Articles 2985 through 3034 or any other provisions of law, a licensee engaged in any real
64. estate transaction shall be considered to be representing the person with whom he is working as a Designated Agent unless there is a written
65. agreement between the Broker and the person providing that there is a different relationship or the licensee is performing only ministerial
66. acts on behalf of the person.
67.
68. Select Yes or No below if there are any legal impediments that may affect transferring title:
69. Potential Short Sale_X_Yes____No          Is property currently mortgaged__X__Yes____No
70. In Foreclosure_X_Yes____No                 If so, Is the mortgage current?____Yes_X_No
71. Bankruptcy_X_Yes____No                     Any other liens or judgments affecting the property____Yes____No
72. Tax Sale____Yes____No                      Succession____Yes____No
73. Lease(s)____Yes____No                      ☐ Other_____
74. Seller acknowledges that such impediment may require disclosure and authorizes broker to do so.
75.
76.            OWNERS SHALL COMPLETE THE RESIDENTIAL PROPERTY DISCLOSURE FORM.
77.    **OWNERS SHALL COMPLETE THE LEAD BASED PAINT DISCLOSURE FORM IF PROPERTY WAS BUILT PRIOR TO 1978.**
78.            OWNERS SHALL REVIEW AND SIGN REAL ESTATE AGENCY DISCLOSURE PAMPHLET.
79.
80.            *WE DO BUSINESS IN ACCORDANCE WITH FEDERAL FAIR HOUSING LAWS*
81.
82. **The commissions reflected in this Agreement have been negotiated only by the parties to the Agreement.**

| | |
|---|---|
| I understand and consent to dual agency? | ☐ Yes ☒ No |
| Do you desire home protection warranty? Broker may receive a fee from insurer if a Home Warranty Plan is provided. | ☐ Yes ☒ No |
| Would you like relocation assistance? | ☐ Yes ☒ No |
| Do you authorize the use of a lockbox on the Property in accordance with the lockbox procedures which have been explained to you, and hold said company and its associates harmless from any responsibility or liability in connection herewith? | ☒ Yes ☐ No |
| Do you authorize VOW/IDX Comments in conjunction with the listing? | ☐ Yes ☒ No |
| Do you authorize VOW/IDX Automated Valuation Model in conjunction with the listing? | ☐ Yes ☒ No |
| Seller authorizes this agreement and any supplement addendum or modification relating hereto, including any photocopy, facsimile or electronic transmission thereof, may be executed in two or more counterparts, all of which shall constitute one and the same Agreement. | ☒ Yes ☐ No |

Owner's Signature _____ Date _____
Owner(s) Name (type or print) _____
Owner's Signature _____
Owner(s) Name (type or print) _____
E-Mail Address _____
Mailing Address _____
City, State, Zip _____
(Area Code) Telephone Number _____

Effective Date:_____ Expiration Date:_____

Seller's Designated Agent _____ Date _____
Accepted By: _____ Date _____

InstanetFORMS

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-13218 |
| | : | |
| BRIAN JOSEPH DOMINGUE | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

## DECLARATION

I, Kenneth Rayer, declare under penalty of perjury that the information provided, below is true and correct to the best of my knowledge, information and belief:

1. That I am a licensed real estate agent with Real Estate Resource Group, LLC ("RERG"), duly licensed in the State of Louisiana.

2. That I maintain an office at 90 Louis Prima Drive, Covington, LA 70433.

3. That neither myself, RERG, nor any member or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to that of the estate, the Trustee (Barbara Rivera-Fulton), or the Debtor in the matters upon which I am to be engaged.

4. That neither myself, RERG, nor any member or associate thereof, insofar as I have been able to ascertain has any connection with the Debtor, the creditors, or any other party in interest, or their respective attorneys, accountants, or anyone in the United States Trustee's Office.

5. That based on the foregoing, I believe I am a "disinterested person" within the meaning of sections 101 and 327 of the United States Bankruptcy Code.

_____
KENNETH RAYER

Exhibit B

3321470-1